IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THERESA BRADLEY                                                                                    PLAINTIFF

vs.                                             Civil No. 6:08-cv-06054

MICHAEL J. ASTRUE                                                                               DEFENDANT
Commissioner, Social Security Administration

## ORDER

Before this Court is Plaintiff's Motion to Introduce New Evidence (Doc. No. 8) and Plaintiff's Motion to Remand for Supplemental Hearing to Consider Additional Relevant Evidence (Doc. No. 10). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, this Court issues this Order.

**1. Background:**

Plaintiff filed the present action, seeking review of the Social Security Administration's ("SSA") denial of her request for disability benefits. (Doc. No. 1). On September 10, 2008, Plaintiff filed a Motion to Introduce New Evidence (Doc. No. 8) and a Motion to Remand for Supplemental Hearing to Consider Additional Relevant Evidence (Doc. No. 10). On October 10, 2008, Defendant responded to these motions.[2]  (Doc. No. 15).

With these Motions, Plaintiff requests that this Court consider or, in the alternative, remand

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

[2] Although the title of Defendant's response is "Defendant's Response in Opposition to Plaintiff's Motion to Submit New and Material Evidence," Defendant addressed both of Plaintiff's pending motions (Doc. Nos. 8, 10) in this response.  Therefore, this Court will treat this response as a response to both of Plaintiff's pending motions.

1

for further administrative consideration of her medical records from Charitable Christian Medical Clinic and Wallace Eye Center. (Doc. Nos. 8, 10). Plaintiff claims that these records have a "significant bearing on the ALJ's opinion" and that the failure to further consider these records would be "prejudicial to Plaintiff." (Doc. No. 10, Page 2). Specifically, Plaintiff claims that the records from Charitable Christian Medical Clinic "show Plaintiff has continued to suffer from high blood sugar, diabetic neuropathy, fibromyalgia, chronic pain, and depression." (Doc. No. 8, Page 2). Plaintiff claims that the records from Wallace Eye Clinic "show Plaintiff has diabetic retinopathy and needs surgery." *See id.*

In response, Defendant claims that Plaintiff is not entitled to supplement the Court's record in this case with additional medical evidence. (Doc. No. 15, Pages 2-5). Defendant also claims that Plaintiff is not entitled to a remand under 42 U.S.C. § 405(g) because Plaintiff has not established that this evidence is material or that there is good cause for the failure to incorporate that evidence into the record in the prior proceeding. *See id.*

**2. Applicable Law:**

Pursuant to 42 U.S.C. § 405(g), courts are permitted to remand a case to the SSA for consideration of additional medical evidence, subject to the following limitations:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and *it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding* . . .

(emphasis added). Accordingly, in order to obtain such a remand, the claimant must establish the following: (1) there is new evidence that is material and (2) there is good cause for the failure to incorporate such evidence into the record in the prior proceeding. *See id.* In order to be considered

"material," the evidence "must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which the benefits were denied, and there must be a reasonable likelihood that it would have changed the Secretary's determination." *See Hinchey v. Shalala,* 29 F.3d at 432-33 (citation omitted).

Furthermore, a claimant is not entitled to a remand unless that claimant can establish good cause for his or her failure to incorporate the evidence into the record. *See Willis v. Sec'y of Health and Human Serv.,* 727 F.2d 551, 554-555 (6th Cir. 1984) (holding that the language of 42 U.S.C. § 405(g) was intended to limit the discretion of courts in remanding for consideration of new evidence and holding that a remand was not appropriate because the claimant had not established good cause for her failure to present medical records to the ALJ). *See also Hinchey v. Shalala,* 29 F.3d 428, 433 (8th Cir. 1994) (holding that the claimant had not established good cause for a remand where the claimant had the opportunity to obtain information from her physician before the administrative record was closed but failed to do so without providing a sufficient explanation).

**3. Discussion:**

In the present action, Plaintiff requests that medical records from Wallace Eye Center and Charitable Christian Medical Clinic be admitted into the record. (Doc. Nos. 8). In the alternative, Plaintiff requests that this case be remanded to the SSA for consideration of these records. (Doc . No. 10). According to Plaintiff's briefing, the records from Wallace Eye Center are dated from May 12, 2008 until May 19, 2008, and the records from the Charitable Christian Medical Clinic date from September 4, 2007 through May 20, 2008. (Doc. No. 8, Exs. A-B).

Plaintiff does make a cursory claim regarding the materiality of these documents. (Doc. No. 10, Page 1). Based upon this showing, this Court may assume, without deciding, that these

documents are material. Plaintiff, however, has made *no showing* of good cause for her failure to have these records incorporated into the transcript. (Doc. Nos. 8, 10). Therefore, because Plaintiff has not made a showing of good cause, this Court is not permitted to remand this case under 42 U.S.C. § 405(g).

**4. Conclusion:**

Based upon the foregoing, this Court finds that Plaintiff's Motion to Introduce New Evidence (Doc. No. 8) and Plaintiff's Motion to Remand for Supplemental Hearing to Consider Additional Relevant Evidence (Doc. No. 10) be **DENIED**.

**ENTERED this 18th day of November, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE