IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THERESA BRADLEY                                                    PLAINTIFF

vs.                              Civil No. 6:08-cv-06054

MICHAEL J. ASTRUE                                                  DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Theresa Bradley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for a

period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income

("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1. **Background:**

Plaintiff protectively filed her applications for DIB and SSI on August 5, 2005.  (Tr. 12, 51,

301).  Plaintiff alleged she was disabled due to lower back pain, leg pain, hip pain, depression,

diabetes, and arthritis.  (Tr. 93, 108, 114).  Plaintiff alleged an onset date of May 31, 2005.  (Tr. 12,

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

51, 301).  This application was initially denied on December 12, 2005 and was denied again on reconsideration on May 31, 2006.  (Tr. 34-35, 299-300).

On June 15, 2006, Plaintiff requested an administrative hearing on her applications.  (Tr. 32).  This hearing was held on May 30, 2007 in Hot Springs, Arkansas.  (Tr. 313-344).  Plaintiff was present and was represented by counsel, Shannon Carroll, at this hearing.  *See id.*  Plaintiff, Plaintiff's friend (Shawn Keith), and Vocational Expert ("VE") Elizabeth Clem testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2009), and had completed one year of LPN school.  *See id.*

On January 31, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 9-24).  In this decision, the ALJ determined Plaintiff had met the insured status requirements of the Act through December 31, 2010.  (Tr. 14, Finding 10).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 31, 2005, her alleged onset date.  (Tr. 14, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: mild to moderate degenerative disc disease ("DDD") of the lumbar spine, degenerative joint disease ("DJD") of the lumbar spine, osteoarthritis, fibromyalgia syndrome ("FMS"), diabetes mellitus (Type II), neuropathy, hypertension, mitral valve prolapse ("MVP"), asthma, and poor vision.  (Tr. 14-15, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.

(Tr. 12-24).  First, the ALJ evaluated  Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible.  (Tr. 16-22).  Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, with the ability to lift-carry and push-pull up to 20 pounds occasionally and 10 pounds frequently, the ability to sit 6 hours in an 8-hour workday and the ability to stand and/or walk 6 hours in an 8-hour workday.  She can occasionally stoop and crouch, and due to vision problems, is precluded from work requiring excellent vision.  There are no significant restrictions in regard to mental-emotional functional.

(Tr. 16, Finding 5).

The ALJ then determined Plaintiff would be unable to perform her Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the national economy.  (Tr. 22-23, Findings 6, 10).  Plaintiff and the VE testified at the administrative hearing regarding these issues.  (Tr. 313-344).  Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a personal care aide and as an LPN.  (Tr. 22, Finding 6).  The ALJ determined, considering her RFC, that Plaintiff would be unable to perform this PRW.  (Tr. 22, Finding 6).

However, the VE also testified that with Plaintiff's limitations, a hypothetical person would be able to perform work as a home care aide (light, semi-skilled) with approximately 2,100 such jobs in Arkansas and 310,000 such jobs in the nation, desk clerk (light, semi-skilled) with approximately 1,300 such jobs in Arkansas and 104,000 such jobs in the nation, and cashier (light, unskilled) with approximately 9,300 such jobs in Arkansas and 960,000 such jobs in the nation.  (Tr. 23, 337-340).

3

Based upon this testimony, the ALJ determined, considering Plaintiff's age, education, work experience, and RFC, that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 23, Finding 10). Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, from May 31, 2005 through the date of the ALJ's decision or through January 31, 2008. (Tr. 23, Finding 11).

On February 11, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On May 1, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-6). On May 29, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on June 11, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7, 14). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

4

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

5

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion:</u>

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by finding her impairments did not meet or medically equal the requirements of the Listings; (B) the ALJ erred in assessing her RFC; and (C) the ALJ erred by failing to fully and fairly develop the record.  (Doc. No. 7, Pages 3-19).  In response, Defendant argues that Plaintiff's medical records do not establish that she has an impairment of sufficient severity to meet or medically equal the requirements of any of the Listings.  (Doc. No. 14, Pages 3-4).  Defendant also argues that the ALJ properly discounted Plaintiff's subjective complaints, properly assessed Plaintiff's RFC, and properly phrased his hypothetical to the VE.  *See id.* at 4-8.  This Court will address each of Plaintiff's arguments.

However, as an initial matter, it is important to note that none of the evidence included in Plaintiff's Motion to Introduce New Evidence (Doc. No. 8) will be considered by this Court.  In her appeal brief, Plaintiff cited extensively to this Motion and the evidence contained therein.  (Doc. No. 7).  However, this Motion was denied by this Court on November 18, 2008.  Therefore, the Motion and the evidence attached thereto was not introduced, was not included as a part of the transcript, and should not be considered by this Court.  *See* 42 U.S.C. § 405(g) (requiring that judicial review be based upon "the pleadings and transcript of the record").

### A.    Evaluation of the Listings

Plaintiff claims she has an impairment or a combination of impairments that meet or medically equal the requirements of the Listings.  (Doc. No. 7, Pages 3-9).  Specifically, Plaintiff claims she meets the requirements of Listings 1.02 (Major dysfunction of a joint(s) (due to any cause)), 1.04 (Disorders of the spine), and 9.08 (Diabetes mellitus).  *See id.*  In response, Defendant

argues that Plaintiff has not established that her impairments meet or equal the requirements of those Listings.  (Doc. No. 14, Pages 3-4).  Defendant claims that Plaintiff simply has not made such a showing with her medical records.  *See id.*   This Court will address each of these three Listings.

     **(1)    Listing 1.02**

Plaintiff has not established her impairments meet or medically equal the requirements of Listing 1.02.  In order to the meet or medically equal the requirements of this Listing, a claimant must establish that he or she has a  a "gross anatomical deformity" and an "inability to ambulate effectively" or an "inability to perform fine and gross movements effectively."

At best, the medical records Plaintiff referenced in her appeal brief establish that she suffers from chronic knee pain and edema of the knees (Tr. 147, 157, 198, 221, 269) and a constant aching of the shoulders (Tr. 198, 221, 269).  (Doc. No. 7, Page 9).  While these medical records may reflect that she has some pain in her joints, they clearly do not establish that she suffers from a "gross anatomical deformity" sufficient to meet or medically equal the requirements of Listing 1.02.  Therefore, Plaintiff has not established that her impairments meet or medically equal the requirements of this Listing.

     **(2)    Listing 1.04**

Plaintiff has not established her impairments meet or medically equal the requirements of Listing 1.04.  In order to meet or medically equal the requirements of this Listing, a claimant must establish that he or she has a "spinal disorder" that results "in [the] compromise of a nerve root (including the cauda equina) or the spinal cord."

However, the medical records in the transcript only establish that she suffers from "mild to moderate degenerative joint disease of the lumbar spine."  (Tr. 145, 146, 200).  These medical

records do not establish that degenerative joint disease ("DJD") is considered a "spinal disorder" or that such DJD results in a compromise of the nerve root or the spinal cord. Accordingly, Plaintiff has not established that her impairments meet or medically equal the requirements of Listing 1.04.

### (3)   Listing 9.08

Plaintiff has not established her impairments meet or medically equal the requirements of Listing 9.08. In order to meet or medically equal the requirements of this Listing, a claimant must establish that he or she suffers from diabetes mellitus with either neuropathy, acidosis, or retinitis proliferans. A claimant must also establish that his or her diabetes mellitus cannot be controlled with medication. *See Estes v. Barnhart,* 275 F.3d 722, 725 (holding that an impairment which can be controlled by treatment or medication is not considered disabling). In the present action, Plaintiff's medical records establish that her diabetes mellitus is controlled with medication. For example, on April 10, 2007, Plaintiff's treating physician, Dr. Hurst, noted that Plaintiff's diabetes was under excellent control. (Tr. 221). Furthermore, on June 5, 2007, Dr. Hurst again noted Plaintiff's diabetes was well-controlled with medication. (Tr. 265).

In her appeal brief, Plaintiff only cited three medical records in support of her claim that she suffered from uncontrolled diabetes mellitus during the relevant time period. (Doc. No. 7, Page 3). Two of those medical records are dated from 1999, which is well before her alleged onset date of May 31, 2005. (Tr. 166, 170). The other medical record is from Dr. J. Scott Erwin, M.D. (Tr. 148). This record references Plaintiff's diabetes mellitus (Type II) as an impairment or illness, but it does not provide that her diabetes mellitus was not controlled with medication. *See id.* Therefore, based upon this review of Plaintiff's medical records, this Court finds Plaintiff's diabetes mellitus was controlled with medication during the relevant time period and was, therefore, not disabling.

## B.    RFC Determination

Plaintiff claims the ALJ erred in evaluating her RFC.  (Doc. No. 7, Pages 9-14).  Specifically, Plaintiff claims she suffers from diabetes, depression, fibromyalgia, and a number of other medical problems and that the ALJ did not properly consider those medical problems in assessing her RFC. *See id.*  Plaintiff also claims that, in assessing her RFC, the ALJ did not assign proper weight to her subjective complaints.  *See id.*  In response, Defendant claims that the ALJ properly assessed Plaintiff's RFC based upon all of the relevant evidence.  (Doc. No. 14, Pages 4-6).  Defendant also claims the ALJ properly analyzed and assessed Plaintiff's subjective complaints and discounted them for legally-sufficient reasons.  *See id.*

### (1)    Diabetes Mellitus

After reviewing the briefing and the relevant portions of the transcript, this Court finds the ALJ properly assessed Plaintiff's RFC.  As noted above, Plaintiff claims she is disabled due to her diabetes mellitus.  (Doc. No. 7, Pages 11-14).  She also claims "[t]here is no doubt" that her diabetes was not controlled with medication during the relevant time period.  *See id.*  In further support of her argument that her diabetes was not controlled with medication, Plaintiff cites medical records from 1999 and 2006.  (Tr. 170, 234-236, 238).

However, the medical records from 1999 are dated approximately six years before her alleged onset date.  (Tr. 170).  Therefore, those records are not relevant.  *See id.*  Furthermore, the medical records from 2006 are dated *after* the progress notes from Dr. Hurst in 2007 (noted above) which state that Plaintiff's diabetes was well-controlled with medication.  (Tr. 221, 234-236, 238, 265).  Therefore, the 2006 records are not persuasive.

**(2)     Depression**

Plaintiff also claims she is disabled due to her depression. (Doc. No. 7, Pages 11-12).  She claims she has "battled depression for years which has become worse in the last two years."  *See id.* She claims that her medication makes her suicidal and that she cannot take her medication due to its side effects.  *See id.*  However, despite these claims of disability due to her claimed depression, Plaintiff has not presented any treatment records from the relevant time period for her depression. (Tr. 136, 148, 166, 234, 265).  Instead, the medical records cited in Plaintiff's appeal brief reference Plaintiff's depression, along with a list of other medical problems.  There is no evidence that these physicians ever treated Plaintiff for her claimed depression.

Furthermore, the findings from a mental status examination with Dr. Charles Spellman, Ph.D. supports the ALJ's RFC determination.  On December 20, 2005, Plaintiff underwent a mental status examination with Dr. Charles Spellmann, Ph.D.  (Tr. 135-138).  Testing showed that while Plaintiff complained of mainly pain limitations and related depression, she expressed herself easily and related appropriately during the testing.  (Tr. 135).  Testing further showed Plaintiff to be well-oriented, her memory was intact, and she stated that she got along with others.  (Tr. 136-137).  Dr. Spellman noted that Plaintiff did not have difficulty with her concentration, persistence, and pace during the testing, and no physical difficulties were noted.  (Tr. 137).  Based upon these records, this Court finds the ALJ did not err in determining Plaintiff was not disabled due to her depression.

**(3)     Fibromyalgia**

Plaintiff claims she is disabled due to fibromyalgia.  (Doc. No. 7, Pages 12-14).  However, after reviewing her medical records, this Court finds that none of Plaintiff's treatment records or other medical records indicate she has ever been diagnosed with fibromyalgia or any similar

10

impairment.[2]  Furthermore, in her appeal brief, Plaintiff provided no medical records in support for this claimed diagnosis.  Because Plaintiff has provided no support for this claimed impairment, this Court finds Plaintiff has not met her burden of establishing she is disabled due to her claimed fibromyalgia.

### (4)   Subjective Complaints

Plaintiff claims the ALJ erred in evaluating her subjective complaints.  (Doc. No. 7, Pages 9-14).  At the administrative hearing, Plaintiff claimed she suffered from severe limitations due to her claimed diabetes mellitus, depression, fibromyalgia, and other problems.  (Tr. 313-344).  Plaintiff claimed she was disabled due to these impairments.  *See id.*  Plaintiff also claimed her medications caused her to suffer from certain side effects.  *See id.*  In his hearing decision, the ALJ did not find these subjective complaints were fully credible and found Plaintiff was not disabled.  (Tr. 14-22). Plaintiff now argues that the ALJ erred in finding her subjective complaints were not credible.  (Doc. No. 7, Pages 9-14).

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

---

[2] Plaintiff's medical records reference her fibromyalgia.  (Tr. 148, 221, 235, 238, 269).  However, it appears that those physicians only referenced this claimed impairment in response to reports from Plaintiff, not because Plaintiff had been diagnosed with fibromyalgia.

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.   *See Polaski,* 739 at 1322.   The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.   *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints.  In his opinion, the ALJ outlined the *Polaski* factors, addressed those factors, and stated inconsistencies between Plaintiff's testimony and the record.  (Tr. 16-22).  Specifically, the ALJ noted the following: (1) none of Plaintiff's medical records supported the level of

impairment Plaintiff alleged, (2) Plaintiff's claim that she experienced pain "pretty much all the time" and her roommate's testimony that Plaintiff's pain medication did not "really help" was not fully supported by the record, (3) Plaintiff's medical records did not support her claimed functional limitations, and (4) Plaintiff's medical records indicated that her diabetes mellitus (Type II) was adequately controlled with medication.  *See id.*  These findings are sufficient to satisfy the requirements of *Polaski,* and the ALJ's credibility determination is entitled to deference.  *See Lowe,* 226 F.3d at 971-72 (holding that "[w]here adequately explained and supported, credibility findings are for the ALJ to make").

Furthermore, as for the claimed side effects of her medication, Plaintiff has not provided any references to medical records from the relevant time period supporting her claim that she suffers from severe side effects due to her medication.  (Doc. No. 7, Page 12).  The only support Plaintiff has for this claim is from her testimony at the administrative hearing.  (Tr. 313-344).  As noted above, the ALJ properly found these statements were not credible.  This determination is entitled to deference and should be affirmed.   However, this Court finds it is noteworthy that Plaintiff apparently did not report these side effects to her treating physicians but instead waited to report them to the ALJ during this administrative hearing.

.   **C.    ALJ's Development of the Record**

Plaintiff claims the ALJ erred by failing to fully and fairly develop the record.  (Doc. No. 7, Pages 14-20).  With this claim, Plaintiff essentially argues that the ALJ's hypothetical to the VE was improper because it did not include all of Plaintiff's limitations.  *See id.*  However, in the present action, as noted above, the ALJ properly evaluated Plaintiff's RFC and provided all the limitations he found credible to the VE.  (Tr. 337-340).

Because the ALJ provided all the limitations he found credible and because the ALJ properly evaluated Plaintiff's RFC, the VE's response to ALJ's hypothetical provides substantial evidence to support the ALJ's determination and should be affirmed.  *See Howard v. Massanari,* 255 F.3d 577, 581-82 (8th Cir. 2001) (holding that a VE's testimony in response to a hypothetical question is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision).  Therefore, this Court finds Plaintiff's claim is without merit.

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of July, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

14